
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 9 2005

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GARFIELD CANNON                                              PLAINTIFF

v.                           No. 3:04CV00263 JLH

DOYLE HILLS, Individually and In His
Official Capacity as Poinsett County Judge                   DEFENDANT

## ORDER

Pending before the Court is a renewed motion for directed verdict filed by the defendant, Judge Doyle Hillis (Docket #38). The plaintiff, Garfield Cannon, brought this action against Judge Hillis, claiming race discrimination in violation of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act. A trial was held on July 6 - 7, 2005. Following the close of Mr. Cannon's case, Judge Hillis moved for a directed verdict. The motion was taken under advisement and Judge Hillis proceeded to put on his case. Following the close of the evidence, Judge Hillis renewed his motion for directed verdict. The Court again took the motion under advisement and sent the case to the jury on the morning of July 7. After deliberating for over eleven hours, the jury notified the Court that a unanimous verdict could not be reached and the Court declared a mistrial.

In the present motion, Judge Hillis argues that directed verdict is warranted because no evidence was presented that Mr. Cannon was treated differently than similarly situated Caucasians in the Poinsett County Road Department. Mr. Cannon responds that he has established a submissible case of discrimination. The Court set forth the law controlling Cannon's race discrimination claim in its order and opinion denying summary judgment dated June 30, 2005, and adopts that portion of its opinion herein. For the following reasons, the Court DENIES the motion for directed verdict.

A motion for directed verdict, or "judgment as a matter of law," is warranted if "during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1); *see also Willman v. Heartland Hosp. E.*, 836 F. Supp. 1522, 1531 (W.D. Mo. 1993) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986)). "Whether judgment as a matter of law is appropriate 'is judged by viewing the evidence in the light most favorable to the nonmoving party and giving him or her the benefit of all reasonable inferences from the evidence, but without assessing credibility.'" *Catipovic v. Peoples Cmty. Health Clinic, Inc.*, 401 F.3d 952, 956 (8th Cir. 2005) (quoting *Harvey v. Wal-Mart Stores, Inc.*, 33 F.3d 969, 970 (8th Cir.1994)).

Despite Judge Hillis's arguments to the contrary, there was evidence presented in this case that would allow a reasonable jury to conclude that Judge Hillis discharged Mr. Cannon and that race was a motivating factor in that decision. Mr. Cannon testified that he was terminated for not having an Arkansas driver's license. Mr. Cannon testified that Judge Hillis told him that if he obtained a driver's license, he could return to his job. Mr. Cannon further testified that, after he obtained a driver's license, he contacted Judge Hillis on the telephone to ask to return to work, but that Judge Hillis informed him that he could not return unless he obtained a CDL. Judge Hillis denied ever speaking to Mr. Cannon on the telephone. Judge Hillis responded that he terminated a Caucasian employee, Paul Driver, for the very same reason as he did Mr. Cannon. There was evidence, however, that Mr. Driver never obtained a driver's license and never attempted to return to work. There was also testimony at trial that two Caucasian employees, Bill Dunn and Joe Blansett, were not terminated for failure to obtain CDLs. Judge Hillis explained that Mr. Dunn and Mr. Blansett, as road graders/general laborers, were not required to operate road equipment and thus were not

2

obligated to obtain CDLs. There was evidence, however, that all employees, including road graders, were reclassified as "general laborers" when Judge Hillis took office and that Mr. Cannon, like Mr. Dunn and Mr. Blansett, had not been called upon to operate road equipment during his employment.

In addition to evidence relating to Mr. Cannon's own termination, the evidence at trial showed that Judge Hillis terminated four other African-Americans in the Road Department within five months of taking office and that these four employees and Mr. Cannon were the only African-American employees in the Road Department. Judge Hillis explained that one of the four employees, Mike Crockett, was terminated for failing to obtain a CDL after three attempts. As noted above, however, there was evidence that Mr. Dunn and Mr. Blansett were not terminated for failure to obtain CDLs. Judge Hillis also explained that the three other African-American employees, Rodney McCuiston, Ray Thomas, and Timothy Risper, were terminated because they were the three least senior employees on the bridge crew. As noted, though, there was evidence that all employees in the Road Department had been previously re-classified as "general laborers." There was further evidence that, if all employees were so classified, Caucasian employees less senior than Mr. McCuiston, Mr. Thomas, and Mr. Risper were not terminated.

In his renewed motion for directed verdict, Judge Hillis argues that he treated Paul Driver in the same manner as he did Mr. Cannon and, in addition, that he has articulated a legitimate, non-discriminatory reason for terminating Mr. Cannon. The evidence above, if believed, shows that Mr. Driver was not similarly situated to Mr. Cannon in that Mr. Driver did not obtain his driver's license or attempt to return to a promised position as Mr. Cannon did. While Judge Hillis has articulated a legitimate, non-discriminatory reason for terminating Mr. Cannon in this case, the evidence above

3

would also allow a reasonable jury to find that Judge Hillis's proffered reasons were pretextual and that race was a motivating factor in the decision to terminate Mr. Cannon. *See e.g., Young v. Warner-Jenkinson Co.*, 152 F.3d 1018, 1022-23 (8th Cir. 1998) *(en banc)*. A jury deliberated in this action for a significant period of time, unable to reach a unanimous verdict. Based on this consideration and the conclusions herein, Judge Hillis is not entitled to judgment as a matter of law.

IT IS SO ORDERED this  19th  day of July, 2005.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE